## Hay v. Roberts.

(Decided December 15, 1922.)

### Appeal from Lawrence Circuit Court.

1. Bills and Notes—Dishonor—Notice.—Except as otherwise provided in the statutes, when a negotiable instrument has been dishonored by nonacceptance or nonpayment, notice of the dishonor must be given to an indorser or otherwise he will be discharged from liability.

2. Bills and Notes—Indorsers—Dishonor.—Held in this case that appellant was such an indorser under section 3720b-89 of Kentucky Statutes as entitled him to notice of nonacceptance or dishonor of the notes sued on.

C. F. SEE, JR., for appellant.

CAIN & THOMPSON for appellee

OPINION OF THE COURT BY JUDGE MOORMAN—Sustaining motion for an appeal and reversing judgment.

This record is before us on a motion for an appeal from a judgment of the Lawrence circuit court on two notes for $100.00 each, executed November 15, 1919, and November 22, 1919, respectively, and maturable one year after date. The notes were made payable to the order of appellee, G. R. Roberts, and were signed by L. M. Copley. On the back of each of them was written the name of appellant, M. A. Hay.

The case was tried in the circuit court on an agreed statement of fact, the material part of which is that the notes were not discounted by Roberts at any bank when they became due, and, without giving notice to appellant, he instituted suit on each of them on the 9th day of December, 1920. The defense was that appellant was an accommodation indorser, and, not being notified that the instruments had been dishonored, the obligations as to him were discharged. This defense was denied and

judgment rendered against appellant for the face value of the notes with accrued interest.

A person who places his signature on an instrument, otherwise than as maker, drawer or acceptor, is deemed to be an indorser, unless he indicates by appropriate words his intention to be bound in some other capacity. 3720b-63, Kentucky Statutes. Under this section of the statutes appellant was undoubtedly an accommodation indorser. Section 3720b-89 of Kentucky Statutes provides that: "Except as herein otherwise provided, when a negotiable instrument has been dishonored by nonacceptance or nonpayment, notice of dishonor must be given to the drawer and to each endorser, and any drawer or endorser to whom such notice is not given is discharged." The notes in question were dishonored by the maker of them. Appellant's right, therefore, to notice of dishonor is fixed by the section of the statute just quoted, unless its application is defeated by one of the exceptions in the law. The exceptions, in the absence of waiver of notice in the instrument, are where the drawee is a fictitious person or a person not having capacity to contract and the indorser was aware of the fact at the time he indorsed the instrument; or where the indorser is a person to whom the instrument is presented for payment; or where the instrument was made or accepted for his accommodation. Section 3720b-115. Appellant's case comes within the purview of none of these exceptions. Hence it is controlled by section 3720b-89 referred to, which requires notice of dishonor to an indorser, and provides, in the event it is not given, that he is discharged. These provisions of the law are too plain in their language to admit of any difference of opinion as to their meaning. They have been construed by numerous decisions of this court as requiring that notice of dishonor be given the indorser sought to be held liable. There is no escape from the conclusion that the requirement applies to the instant case. It being admitted that notice was not given to appellant, it results that by the terms of the statute he was discharged from liability.

The motion for an appeal is allowed and the judgment is reversed.